## POTTKAMP v. BUSS et al.

### No. 14,448; December 8, 1892.

#### 31 Pac. 1121.

**Deed—Property Conveyed—"Store."**—The Recital in an instrument of sale that there was conveyed "that certain store, and all the stock and goods therein, and the bakery attached thereto, and the tools and fixtures of said bakery," will be construed as conveying the land on which the store and the bakery attachment stand, and so much as may be necessary for their ordinary use.

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawler, Judge.

Action by Adolph Pottkamp against John G. Buss and others to quiet title to land. From a judgment for defendants and from an order denying his motion for a new trial, plaintiff appeals. Reversed.

A. B. Hunt and A. D. Lemon for appellant; F. J. Castlehun, John F. Burris and M. G. Cobb for respondents.

VANCLIEF, C.—Action to quiet title to a lot of land fifty by one hundred feet, and a house thereon, used and occupied as a store and bakery, situate in the city of San Francisco. The defendants answered the complaint, denying plaintiff's alleged title, and averring that Buss is the absolute owner of the house and lot, and that the defendants Pfeiffer & Ludemann (sued as Doe and Roe) are in possession under a lease from him. Defendants also filed what purports to be their cross-complaint against the plaintiff, praying that their title may be quieted, and that plaintiff "be forever enjoined and debarred from asserting any claim whatever in or to said land and premises adverse to the defendants." Judgment passed for defendants, according to the prayer of their cross-complaint. The plaintiff brings this appeal from an order denying his motion for a new trial.

The plaintiff claims title from the defendant Buss by the following written instrument:

"John G. Buss to Adolph Pottkamp.

"Know all men by these presents, that I, John G. Buss, of the city and county of San Francisco, for and in consideration of $2,500, the receipt whereof is hereby acknowledged, do hereby sell, convey, and transfer to Adolph Pottkamp that certain store, and all the stock and goods therein, and the bakery attached thereto, and the tools and fixtures of said bakery, situate at the southeast corner of Seventeenth and Dolores streets, in the city and county of San Francisco, state of California; also 8 horses, 3 wagons, and 1 buggy, with the harness belonging to all and each of said wagons and buggy.

"In witness whereof, I have hereunto set my hand and seal this 31st day of March, 1887.

"[L. S.]                          JOHN G. BUSS.
"Witness: JOHN R. KELLY."

On July 8, 1887, Buss filed in the superior court his petition under the insolvent act, and was then adjudged to be an insolvent debtor. On July 20, 1887, he applied to the court in the insolvency proceedings to have set apart to him the house and lot in question here as a homestead, and his application was granted. A certified copy of the order setting

apart the homestead was recorded on July 23, 1887. The assignee in the insolvency proceeding, however, claimed all the property described in the instrument dated March 31, 1887, above set out. But a compromise was effected between the plaintiff and said assignee by which the latter released to the former the house and lot in question, and the plaintiff released to the assignee all his right to the personal property described in said instrument. The court construed the instrument of March 31, 1887, to be a mere bill of sale of the personal property therein described, and as not intended to convey the premises described in the complaint. I think this was error. There is nothing in the circumstances under which the instrument was executed tending to justify this construction; and it seems to have been given solely upon the ground that the word "store," as used in the instrument, does not mean the house and lot, but only the personal property stored therein. The language of the instrument is: "That certain store, and all the stock and goods therein, and the bakery attached thereto, and the tools and fixtures of said bakery." This very clearly expresses the intention to convey the building in which the goods were stored, and the attachment thereto, in which the business of baking was carried on: See Webster's definition of the word "store"; also, Barth v. State, 18 Conn. 440, and State v. Canney, 19 N. H. 137. The conveyance of the storehouse and the bakery attachment thereto included the land on which they stand, and so much as may be necessary for their ordinary use: Devlin on Deeds, sec. 863, and authorities there cited. The evidence tended to prove that the instrument was intended as security for a debt due from Buss to plaintiff; but, had the court so found, the finding would not have justified the judgment, even though the debt secured had been subject to a plea of the statute of limitations: Booth v. Hoskins, 75 Cal. 271, 17 Pac. 225; De Cazara v. Orena, 80 Cal. 132, 22 Pac. 74. If the instrument is an unsatisfied mortgage, that fact, with an offer to redeem from it, might perhaps have constituted sufficient ground for defendant's cross-complaint praying that his title be quieted against the plaintiff. But the record does not present this question, and it need not be decided. The judgment rendered was based on the ground that the instrument, whether a mortgage or an absolute deed, affected only

the personal property; and, there being no issue as to the personal property, there was no occasion to consider whether the instrument was a mortgage of the personal property or not. I think the order should be reversed and the cause remanded for a new trial, with leave to the parties to amend their pleadings.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is reversed and the cause remanded for a new trial, with leave to the parties to amend their pleadings.