## POTTKAMP v. BUSS et al.

### S. F. No. 183; September 26, 1896.

#### 46 Pac. 169.

**Pleading—Amended Complaint After Remittitur.**—Where the supreme court held it error to refuse permission to plaintiff to file his amended complaint, and remanded the cause "for a new trial, with leave to the parties to amend the pleadings," plaintiff may, after the remittitur goes down, file, without leave of the trial court, an amended complaint other than the one offered on the first trial.

**Pleading—Amended Complaint.**—The Point That It cannot be Ascertained how the cause of action in an amended complaint is connected with the cause of action stated in the original complaint is not reached by demurrer to the amended complaint on the ground that it is "ambiguous, unintelligible, and uncertain"; it not appearing in the amended complaint what was alleged in the original.

**Witness—Question Calling for Legal Effect of Instrument.**— The issue being whether an instrument, in terms an absolute conveyance, was accepted as such, as contended by plaintiff, or as security, as contended by defendant, a question asked plaintiff, "State what you believed that document to be at the time it was delivered to you," will not be held to ask an opinion as to its legal effect.

**Witness—Question Calling for Conclusion of Law.**—Where one has testified on cross-examination as to the time when, and the circumstances under which, he signed an instrument, a further question on cross-examination, "Do you swear that you signed that instrument as a witness?" calls for a conclusion of law based on the facts stated by him.

APPEAL from Superior Court, City and County of San Francisco; James M. Troutt, Judge.

Action by Adolph Pottkamp against John G. Buss and others. Judgment for plaintiff, and defendants appeal. Affirmed.

F. J. Castelhun and H. C. Firebaugh for appellants; A. B. Hunt and A. D. Lemon for respondent.

PER CURIAM.—This action was commenced June 16, 1888, and defendants answered and filed a cross-complaint, upon which issue was also taken. During the trial, plaintiff asked and obtained leave to file an amended complaint; but

when it was prepared the court refused to permit it to be filed, upon the ground that it did not conform to the proofs. Judgment went against the plaintiff, and his motion for a new trial was denied. On December 8, 1892, this court reversed the judgment and order upon the ground that the court below erred in refusing to permit the plaintiff to file his amended complaint, and remanded the cause "for a new trial, with leave to the parties to amend their pleadings": 3 Cal. Unrep. 694, 31 Pac. 1121. On February 21, 1893, the plaintiff, without motion therefor, or leave given by the court below, filed an amended complaint, and defendants moved to strike it from the files. That motion was denied, and defendants excepted.

Appellants contend that an application to amend is never general, but always specific, and, as plaintiff did not file the amended complaint which he had asked leave to file during the first trial, that he had no right to file a different amended complaint without leave of the court below. The leave given in this court was not special, to file a particular complaint, but the order was general, permitting both parties to amend. It is admitted that the remittitur had gone down. It thereupon became a record in the lower court, and had at least all the force of an order made by that court: Code Civ. Proc., secs. 53, 958. The motion was properly denied.

2. Defendants demurred to said amended complaint, and contended that the court erred in overruling their demurrer. Eleven grounds of demurrer were specified. Of these, the first was for want of sufficient facts; the second, third, fourth and fifth presented grounds only available upon motion to strike from the files, or to require different causes of action to be separately stated; the sixth, that said amended complaint "is ambiguous, unintelligible, and uncertain"; and the remaining five specified sections of the code under which the cause of action was alleged to be barred by the statute of limitations. The purposes of the action, as disclosed by said amended complaint, were to reform a deed executed by defendant Buss to the plaintiff; to quiet plaintiff's title under the same, as against the defendants; to require defendants to account for rents received by them from the premises after plaintiff's exclusion therefrom; and for general relief. The complaint covers twelve printed pages of the transcript, and is somewhat dif-

ficult of satisfactory condensation. It shows, in substance, that on March 31, 1887, the plaintiff was, and for a long time had been, in the employ of defendant Buss, as foreman of his bakery; that Buss was then in financial difficulties; that prior to that time the plaintiff had loaned him considerable sums of money, and, with a loan made at that date, he was indebted to the plaintiff in the sum of $2,500; that Buss proposed to convey to plaintiff a lot at the southeast corner of Dolores and Seventeenth streets (subject to a prior mortgage thereon), together with certain personal property; that plaintiff, desiring to have said indebtedness fully paid and satisfied, agreed to accept said conveyance; that Buss then prepared and executed an instrument, of which the following is a copy:

"John G. Buss to Adolph Pottkamp.

"Know all men by these presents, that I, John G. Buss, of the city and county of San Francisco, for and in consideration of $2,500, the receipt whereof is hereby acknowledged, do hereby sell, convey, and transfer to Adolph Pottkamp that certain store, and all the stock therein, and the bakery attached thereto, and the tools and fixtures of said bakery, situate at the southeast corner of Seventeenth and Dolores streets, in the city and county of San Francisco, state of California; also eight horses, three wagons, and one buggy, with the harness belonging to all and each of said wagons and buggy. In witness whereof, I have hereunto set my hand and seal this 31st day of March, 1887.

"[L. S.]                      ·          JOHN G. BUSS.
"Witness: JOHN KELLY."

The complaint further alleged that said instrument was duly acknowledged on June 30, 1887, and recorded July 1, 1887; that said instrument was delivered to plaintiff on the day of its date, with the statement, "Here is the deed to this lot and premises, and to this storehouse and bakery," and, after pointing out said personal property, defendant Buss said: "All this property is yours. Now take possession of it." It was further alleged that, during all the time plaintiff had been in defendant's employ, the most friendly and confidential relations existed between them; that plaintiff, believing, trusting and relying upon defendant's representations as true, accepted said instrument, without reading or

examining the same, or having it read to him, as a good and sufficient deed to said premises, took possession of said premises and of the personal property, and held possession of the same until July 8, 1887, when the defendants Buss, Ludeman and Pfeiffer, with intent to cheat and defraud him out of his money and out of his said premises, without right, and by force, put the plaintiff out, and by force entered, and unlawfully, and against his will, withheld said premises from his possession; that on July 2d Buss filed a declaration of homestead on said premises, and on July 8th filed a voluntary petition in insolvency and was adjudged an insolvent debtor; that on August 11, 1887, Buss executed a lease of said premises to defendant Pfeiffer for the term of five years, and on the same day assigned said lease to defendant Ludeman, and on August 31, 1888, conveyed said premises to Ludeman, and that Pfeiffer and Ludeman took with knowledge of the rights and interests of plaintiff, and that any claim made by them, or either of them, is subject and subordinate to the title of plaintiff; and that defendants have received in rents from said premises $5,000.

Most, if not all, these acts of defendant Buss, and also of his confederates, are alleged to have been done with intent to defraud the plaintiff, and tend to some confusion and obscurity in the statement of plaintiff's cause of action, but that a cause of action is stated we have no doubt. It is true, defendants demur also upon the ground that the complaint is "ambiguous, unintelligible and uncertain," and thereunder specify three particulars. The first is that it cannot be ascertained how the cause of action in the amended complaint is connected with the cause of action stated in the original complaint. It does not appear in the amended complaint what was alleged in the original, and this point was therefore not reached by demurrer. The second specification is not well taken. It is argued that it is not charged, nor attempted to be charged, that Pfeiffer and Ludeman are "in any way responsible for the error, if there was any error, in the writing sought to be reformed," and that it is not attempted to be shown how the error therein ought to affect them. But it does clearly appear that their interests were acquired after the recording of the alleged conveyance ·to the plaintiff, and therefore with notice of whatever right or title he had thereunder; and this remark also answers ap-

pellants' third specification under this ground of demurrer. When the pleader alleges facts which in law constitute notice, it is equivalent to an allegation that the parties affected had notice. As to the demurrers alleging the bar of the statutes of limitation, the original complaint was to quiet title, and alleged that Pfeiffer and Ludeman claimed an interest, that it was without right, etc., but did not seek the recovery of rents and profits. The lease to Pfeiffer was made August 11, 1887, and Ludeman received the rents thereunder from that date. The last amended complaint was filed February 20, 1893, and therefore within five years from the date of the lease, and was not barred'': See Code Civ. Proc., sec. 336, subd. 2.

3. Plaintiff, while testifying in his own behalf, was asked by his counsel: "State what you believed that document [referring to the instrument set out in the complaint] to be, at the time it was delivered to you." Defendants' objection was overruled. The defendants claimed that the instrument in question was a bill of sale given as security. The plaintiff claimed that it was a deed of conveyance, and the question was not, as counsel seemed to think, what plaintiff "thought it was," or his opinion as to its legal effect, but what he believed it to be when he accepted it; in other words, whether he believed it to be what defendant Buss represented it to be. It was held upon the former appeal that the language of the instrument "clearly expresses the intention to convey the building in which the goods were stored, and the attachment thereto in which the business of baking was carried on''; and the question in issue upon the second trial was not whether its language expressed an intention to convey the real estate, but whether it was accepted as such, or whether it was accepted or believed to be merely a bill of sale of the personal property as security. We see no error in the ruling. Plaintiff's witness Leon was asked upon cross-examination, "Do you swear that you signed that instrument as a witness?" The objection that it was not cross-examination was properly sustained. He had not been interrogated in chief on that subject, and besides he had testified upon cross-examination as to the time when, and the circumstances under which, he had signed it, and under these circumstances the question called

for a conclusion of law based upon the facts stated by the witness.

It is insisted that the court erred in denying defendants' motion for a nonsuit. Twenty-nine grounds were specified as the basis of the motion. We cannot consider these in detail, and can only say that the ruling was right. Such motions are not determined by a consideration of the weight of the evidence further than is necessary to ascertain whether it would justify a finding upon each material issue essential to the plaintiff's case if the defendants should fail or refuse to introduce any evidence.

Most of the findings of the court are excepted to on the ground that they are not justified by the evidence. To notice all of these specifications in detail would require more space than can be devoted to this opinion. The evidence upon most points is conflicting, but it may be said, generally, that there is evidence sufficient to justify all of the findings upon the material issues involved in the case, namely, the indebtedness of Buss to the plaintiff, the execution and delivery of the instrument under which the plaintiff claims and the fact that it was intended and accepted as a conveyance of the real as well as the personal property, and not merely as a security, and that Pfeiffer and Ludeman took their interests with notice of the plaintiff's title. The conveyance from Buss to the plaintiff was recorded July 1, 1887, and on the next day Buss placed of record a declaration of homestead on the premises, and on the 8th of July filed his petition in insolvency, in which proceedings on the 20th of July the premises were set apart to him as a homestead. On August 11th he made a lease of the premises to Pfeiffer for five years, and on the same day assigned the lease to Ludeman, and on August 31, 1888, conveyed the premises to Ludeman. In view of all the evidence in the case, the court was authorized to find that these conveyances were made for the purpose of enabling Buss to defraud the plaintiff; and the finding that Pfeiffer and Ludeman took their conveyances with knowledge of the rights of the plaintiff, and that the conveyance to Ludeman was without any consideration, rendered the title of the plaintiff superior to their claim. There is no evidence in the record that there was any consideration for these conveyances, and the allegation in the complaint that the defend-

ants have received the rents therefor is not denied, the denial being merely of the amount received during a portion of the time. The judgment is limited to the amount which was proved to have been received. ·

Portions of the sixth and other findings are criticised. They are inartificially drawn, and the portions objected to are findings of probative facts which do not overcome or affect the findings of ultimate facts upon which the judgment is correctly based—as, for example, whether confidential relations existed between the parties, whether plaintiff was in possession, whether certain things were done with intent to defraud and deceive, and whether Buss continued the business as before until he went into insolvency. These are probative facts, tending to establish ultimate facts, but do not control the findings upon such ultimate facts.

It is further contended by appellant Ludeman that he should have been allowed a further credit against the rents collected by him from the property in question, amounting to $819.50. The parties stipulated as to the amount of the rents with which he should be charged, and the credits which should be allowed him; except as to said sum, which was claimed to have been interest paid by him on money which he borrowed for the benefit and use of Buss in 1883. The amount so borrowed was $3,600, to enable Buss to build upon the lot in question, which Buss then held under a lease for five years, and which he assigned to Ludeman as security. About a year later Buss purchased the lot, and, at the time he was adjudged an insolvent, had reduced Ludeman's claim to $2,869.95; and this sum was presented by Ludeman as an unsecured claim against said insolvent, which was due to him upon the loan which he had made from the Franklin Savings and Building Association. · Said sum of $819.50 was made up of monthly installments of interest paid by Ludeman to the bank after the insolvency of Buss had been adjudged. It was a portion of Buss' indebtedness to Ludeman under the transaction had in 1883, for which Ludeman had taken the lease from Bertz as security. But it does not appear to have had any other relation to the premises in question, and there is nothing in the record showing that it was a claim against this property. The affidavit of Ludeman, when he presented his claim therefor against the estate of Buss in insolvency, that he held no security for its

payment, authorized the court to disallow it as a credit as the amount of rents received. The judgment and order appealed from are affirmed.

PETITION FOR REHEARING.

October 29, 1896.

PER CURIAM.—The opinion is modified by striking out the last sentence in division 2 thereof, and inserting in lieu thereof the following, namely: "The last amended complaint was filed February 20, 1893, and would authorize a recovery for all the rents received by the defendants within five years prior to that date: Code Civ. Proc., sec. 336, subd. 2. As the court was authorized to apply the amounts paid by the defendants for repairs, taxes, etc., in liquidation of the earliest items of rents collected by them, it is clear that the amount for which the judgment was rendered was not barred by the statute of limitations." Rehearing denied.