[No. 12933. In Bank. — August 5, 1889.]

MARIA ANTONIA RODRIGUEZ DE CAZARA, APPELLANT, v. GASPAR OREÑA, RESPONDENT.

QUIETING TITLE — MORTGAGE — DEED ABSOLUTE IN FORM — CONDITION TO GRANTING RELIEF — STATUTE OF LIMITATIONS. — A mortgagor of land under a deed absolute in form, after the statute of limitations has run against the mortgage debt, cannot have his title quieted against the interest claimed by the mortgagee under the deed, except upon the condition of payment of the debt.

ID. — MORTGAGEE IN POSSESSION MUST ACCOUNT FOR RENTS AND PROFITS. — The mortgagee, if he has been in possession of the mortgaged premises, or has received the rents and profits, must account for them, or the value of the use and occupation, and credit the same upon the amount of the mortgage debt.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*R. B. Canfield,* for Appellant.

That portion of the judgment which is intended to secure to the defendant the payment of the note is with-

out foundation, as being outside the issues made by the pleadings. (*Gregory* v. *Nelson*, 41 Cal. 284; *Morenhout* v. *Barron*, 42 Cal. 591; *Marks* v. *Sayward*, 50 Cal. 57; *Lothian* v. *Wood*, 55 Cal. 160.) The only issues tendered by the pleadings are as to whether the title to the land is in the plaintiff or the defendant. If the defendant claimed a lien on the land, and sought equitable relief, he should have set out his claim in his answer. (*Marks* v. *Sayward*, 50 Cal. 57; *Cadiz* v. *Majors,* 33 Cal. 288; *Pralus* v. *P. G. & S. M. Co.*, 35 Cal. 30.)

*W. C. Stratton*, for Respondent.

The defendant's general denial entitled him to prove the indebtedness and the making of the deed, and the findings as to such facts are within the issues. (Pomeroy's Remedies and Remedial Rights, sec. 666; Bliss on Code Pleading, sec. 330; *Bridges* v. *Paige*, 13 Cal. 640; *Meredith* v. *S. C. M. Ass'n*, 56 Cal. 178; *Tompkins* v. *Sprout*, 55 Cal. 31.) The plaintiff is not entitled to have his title quieted without payment of the mortgage debt. (*Chandler* v. *Chandler*, 55 Cal. 267; *Hughes* v. *Davis*, 40 Cal. 117; *Whtimore* v. *S. F. Sav. Union*, 50 Cal. 146; *Booth* v. *Hoskins*, 75 Cal. 271.)

BEATTY, C. J.—This is a suit to quiet title. The complaint is in the usual form, unverified. The answer is a general denial of all the allegations of the complaint, except that defendant claims an interest in the property adverse to the plaintiff, followed by a plea of the statute of limitations.

The finding of the superior court was against 'the defendant as to his claim under the statute, but the court found as follows concerning the title:—

On January 16, 1877, the lot in controversy was the property of Bernarda Rodriguez, who on that day mortgaged it to the defendant, Oreña, to secure the payment of her promissory note of even date, payable in one year.

On August 17, 1878, her note being unpaid, Bernarda Rodriguez executed, acknowledged, and delivered to Oreña a deed in the form of an absolute conveyance of said lot, but this was only intended as security, it being orally agreed at the time that Oreña might sell the lot, pay himself out of the proceeds, and that any balance over should be paid to the plaintiff in this action.

Oreña has never sold the lot, and no part of the note has been paid. He has no title to the lot except such as he may have acquired by said deed of Bernarda Rodriguez, and the plaintiff has succeeded to all the title remaining in Bernarda after her deed to Oreña.

Upon these findings, the superior court decreed a reconveyance of the lot upon payment by plaintiff to defendant of the amount due him on account of said note of Bernarda Rodriguez.

The plaintiff appeals from the judgment, contending that she is entitled to a reconveyance, and to have her title quieted without payment. She asks us to direct a modification of the decree in accordance with this contention.

We do not think this case can be distinguished, on the facts found, from that of *Booth* v. *Hoskins*, 75 Cal. 271, where it was held that the plaintiff could not have his title quieted except upon condition of payment of the debt, to secure which he had mortgaged the land, notwithstanding the debt was barred by the statute of limitations.

The decree here follows that decision, the correctness of which we see no reason to question, but the facts found, and upon which this decree rests, are outside the issues made by the pleadings, and wholly unsupported by them.

For this reason alone, and because the defendant, if he had been in possession of the lot or in reception of the rents and profits, is bound to account for them, or the value of the use and occupation, to be credited

upon the amount of his note, the judgment must be reversed.

It is therefore ordered that the judgment be reversed, and the cause remanded for further proceedings, with leave to the defendant to amend his answer or to file a cross-complaint, and with leave to plaintiff also to amend if she be so advised.

WORKS, J., PATERSON, J., SHARPSTEIN, J., and THORNTON, J., concurred.