[Civ. No. 25043. Fourth Dist., Div. Two. Dec. 3, 1981.]

HELEN MIX, Plaintiff and Appellant, v.
JOSEPH SODD, Defendant and Respondent.

COUNSEL

Alvin W. Beardsley for Plaintiff and Appellant.

Michael Downing for Defendant and Respondent.

OPINION

THE COURT.*—Plaintiff appeals from a judgment of the superior court refusing to quiet title to real property encumbered by two mortgages barred by the statute of limitations at the time plaintiff purchased the property.

FACTS

The facts of this case are undisputed. In 1927 Mr. and Mrs. Jaroscak, then owners of the real property involved in this action, negotiated a $350 loan at 7 percent annual interest from Mr. and Mrs. Sodd, defendants below. This loan was secured by the one-half lot involved in this suit, and became payable in 1930. In 1936 the Jaroscaks obtained a second loan of $595 at 7 percent interest from the Sodds. The second loan was secured by the same property, and became due in 1939. No payment has been made on either loan, nor has any demand for payment been made by the Sodds. The debts are now barred by the statute of limitations, Code of Civil Procedure section 337, which provides that no action may be brought upon any obligation founded upon an instrument in writing after four years.

As of August 1, 1977, nearly $18,600 was due on the two loans. Interest accrues at the rate of $3.56 per day. The value of the property as of August 1972, was between $1,000 and $1,250. The fair market value of the property as of May 7, 1980, was $5,500. As of that date, had this half lot been rejoined with the other half lot, the full lot would have had a market value of $18,000.

Plaintiff Mix, a licensed real estate broker, negotiated a contract for the sale of the property involved in this action for the sum of $1,800. An escrow was opened, the escrow instructions directing the escrow holder to pay all encumbrances on the property. A demand was then made upon the buyer by Mr. Sodd to pay the balance owed on the two mortgages. Because the amount owing on the mortgages exceeded the contract price for the sale of the property, the escrow failed.

Knowing of the unpaid mortgages, and relying on a legal opinion that the mortgages were unenforceable because of the statute of limitations, plaintiff, the realtor, thereafter opened a second escrow, personally

*Before Gardner, P. J., Kaufman, J., and McDaniel, J.

agreeing to purchase the property for $1,000. At that time, the question whether the statute of limitations barred the mortgages had not been adjudicated.

Plaintiff then brought the action below to quiet title against the mortgages, and for a declaration by the court that defendant's rights under the mortgages are of no force or effect and no longer constitute encumbrances on plaintiff's property. Defendant cross-complained, alleging that the two mortgages were unpaid and owing. Plaintiff demurred, claiming the mortgages were barred by the statute of limitations. The court held for the plaintiff on the cross-claim. This holding is not appealed here.

In the action to quiet title and for declaratory relief, the superior court ruled in favor of defendant, holding that plaintiff was not a bona fide purchaser for value because she was aware of the mortgages at the time she purchased the property. Because she was not a bona fide purchaser for value, the court held that she stood in the shoes of her predecessor in interest, the mortgagor, and was not entitled to the benefit of Civil Code section 2911 that liens are extinguished by the lapse of an amount of time equal to the statute of limitations period. The court held that the unpaid mortgages therefore remained a lien against plaintiff's property, even though the mortgages were unenforceable by virtue of the statute of limitations. The court concluded that the mortgages would remain a lien against the property until plaintiff satisfies the underlying debt or offers to do so, and that she may not quiet title to the property until the lien is removed.

The court also declined to declare that the mortgages do not create a lien against the real property. The court determined that although unenforceable because of the statute of limitations, the lien was still valid.

### DISCUSSION

■ The trial court's emphasis on whether plaintiff was a bona fide purchaser was misplaced. Section 2911 of the Civil Code states: "A lien is extinguished by the lapse of time within which, . . .: 1. An action can be brought upon the principle obligation, . . ." Any reference in section 2911 to a "bona fide purchaser" is contained in subdivision 2, which deals with public improvement liens. Subdivision 1 of the foregoing statute controls in a determination whether a mortgage is extinguished by the passage of time. (See *Flack* v. *Bolan* (1938) 11 Cal.2d 103 [77

P.2d 1090]; *Puckhaber* v. *Henry* (1907) 152 Cal. 419 [93 P. 114].) Defendant has cited no case, and no such case was found, which states that being a bona fide purchaser is a prerequisite to maintaining a suit to quiet title. In the cases raised in this appeal where a subsequent taker's quiet title action was sustained, the purchaser was a bona fide purchaser. This is not to say, however, that being a bona fide purchaser is a prerequisite to maintaining such a suit.

It is well established in the law that a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable because of the statute of limitations. (*Aguilar* v. *Bocci* (1974) 39 Cal.App.3d 475, 477 [114 Cal.Rptr. 91]; *Faxon* v. *All Persons* (1913) 166 Cal. 707 [137 P. 919]; *Booth* v. *Hoskins* (1888) 75 Cal. 271 [17 P. 225]; *De Cazara* v. *Orena* (1889) 80 Cal. 132 [22 P. 74]; *Spect* v. *Spect* (1891) 88 Cal. 437 [26 P. 203]; *Brandt* v. *Thompson* (1891) 91 Cal. 458 [27 P. 763].) This rule is based upon the equitable principle that he who seeks equity must do equity. That is, even though the debt is unenforceable, a court of equity will not aid a person in avoiding the payment of his or her debts.

In *Booth* v. *Hoskins, supra*, 75 Cal. 271, the court stated: "Common honesty requires a debtor to pay his just debts if he is able to do so, and the courts, when called upon, always enforce such payments if they can. The fact that a debt is barred by the statute of limitations in no way releases the debtor from his moral obligation to pay it. Moreover, one of the maxims which courts of equity should always act upon is . . . that he who seeks equity must do equity."

This rule applies with equal force in the case where the mortgagor's transferee took title before the statute of limitations period had expired (*Faxon* v. *All Persons, supra*, 166 Cal. 707, (dictum)), or where there is a "privity of relation" between the mortgagor and the transferee. (*Fontana Land Co.* v. *Laughlin* (1926) 199 Cal. 625, 639 [250 P. 669, 48 A.L.R. 1308].)

An action to quiet title involving equitable issues is governed by equitable principles. (*Gavina* v. *Smith* (1944) 25 Cal.2d 501, 505 [154 P.2d 681].) At some point a transferee of property is so removed from the original debtor that there is no good reason to disallow the remote taker from quieting title. In *Faxon* v. *All Persons, supra*, 166 Cal. 707, plaintiff acquired property encumbered by a mortgage barred by the statute of limitations. Although the court held that the plaintiff in *Faxon* was a

bona fide purchaser, the court did not hold that this was a condition precedent to her bringing a quiet title suit. The *Faxon* court stated: "In the present case, however, the plaintiff acquired the land. by purchase for a consideration after the lapse of the time within which an action to foreclose the mortgage could have been brought—after, indeed, it had been decided in this court that there was no right of foreclosure. The plaintiff was not personally liable for the debt, and was under no moral obligation to discharge it. When she bought the land, the records showed that the lien of the mortgage had become extinguished. (Civ. Code, sec. 2911.) It is difficult to see, therefore, how the land itself, so bought, was bound, legally or equitably, by the debt. There seems to be no good reason for refusing to quiet the title of an owner in the situation of the plaintiff here. To apply the rule contended for by appellant to such a case would be equivalent to holding that the owner of the property could never have his title quieted against an unpaid mortgage not satisfied of record, however long the lapse of time since the maturity of the debt, and however numerous the transfers since the expiration of the right to foreclose. To so hold would result in perpetuating clouds upon titles, where no substantial equity demands that the merchantability of real property be thus hampered. [¶] None of the decisions in this state, or elsewhere, so far as we are advised, has denied relief to a plaintiff seeking to quiet his title against an outlawed mortgage by which neither he, nor his land, was equitably bound." (*Id.*, at pp. 721-722.)

Similarly, in *Fontana Land Co.* v. *Laughlin, supra,* 199 Cal. 625, the Supreme Court stated that "[t]he rule in this state is that where a privity of relation exists the mortgagor cannot quiet title without paying his debt. But this rule cannot be applied to one who acquired the mortgaged land by purchase for a consideration after the lapse of time within which an action to foreclose the mortgage could have been brought and at a time when the records, as in this case, showed the mortgage had become extinguished." (*Id.* at p. 639.) As in *Faxon*, the *Fontana Land Co.* court determined that the owner of the property was a bona fide purchaser, but did not state that this was required. It did state, however, that the fact that the plaintiff purchased the property at an estate sale "absolutely severed all privity" between the plaintiff and the mortgagor.

Although the cases cited do not provide any hard and fast rule as to when an owner of property encumbered by outlawed mortgages can bring an action to quiet title, they give us strong guidance in our decision. In the present case, nearly 36 years had passed between the time

the prior owner negotiated the second of the two mortgages and the time plaintiff purchased the property. Plaintiff had relied on a legal opinion that the mortgages were barred by the statute of limitations. That the mortgages were so barred was abundantly clear from a reading of Civil Code section 2911 and Code of Civil Procedure section 337. Furthermore, plaintiff acquired the property by a sale for consideration, and there is no suggestion that plaintiff intended to be held personally liable for the mortgages. As in *Faxon* v. *All Persons, supra*, 166 Cal. 707, "the plaintiff was not personally liable for the debt, and was under no moral obligation to discharge it."

If, as the trial court held, only a "bona fide purchaser for value" could maintain a suit to quiet title, the outlawed mortgages could forever remain a cloud on the title to the property. According to the trial court, only a transferee without notice of the barred mortgages could be a "bona fide purchaser." In a state where nearly every conveyance of real property is preceded by a title search, it is unlikely there would ever be a "bona fide purchaser" as the trial court defined that term.

The law disfavors perpetuating clouds on titles and we find no authority which requires this plaintiff to be personally liable for the outlawed debts. We find the rationale of *Faxon* v. *All Persons, supra*, and *Fontana Land Co.* v. *Laughlin, supra*, 199 Cal. 625, to be persuasive.

Judgment reversed.