George A. **SALDATE, Jr.,** Plaintiff,

v.

**WILSHIRE CREDIT CORPORATION, et al.,** Defendants.

**Case No. CV F 09–2089 LJO SMS.**

United States District Court, E.D. California.

Feb. 18, 2010.

Sharon L. Lapin, Law Office of Sharon L. Lapin, Greenbrae, CA, for Plaintiff.

David Christopher Scott, Matthew Brian Duarte, McCarthy & Holthus, LLP, San Diego, CA, for Defendants.

**ORDER ON DEFENDANT QUALITY LOAN SERVICE CORPORATION'S F.R.Civ.P. 12 MOTION TO DISMISS (Doc. 21.)**

LAWRENCE J. O'NEILL, District Judge.

## INTRODUCTION

Defendant deed of trust trustee Quality Loan Service Corporation ("Quality") seeks to dismiss as meritless and conclusory plaintiff George A. Saldate, Jr.'s ("Mr. Saldate's") California common law and statutory claims arising from foreclosure of a "residential mortgage" on his Fresno property ("property"). Mr. Saldate filed no papers to oppose Quality's dismissal. This Court considered Quality's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the March 2, 2010 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES this action against Quality.

## BACKGROUND

### Mr. Saldate's Property Loan And Default

On November 4, 2005, Mr. Saldate obtained a $134,000 loan secured by a deed of trust on the property and which was recorded on November 22, 2005.[1]

After Mr. Saldate failed to make payments on the loan, a notice of default and election to sell under deed of trust was recorded on March 6, 2009. Thereafter, Quality was substituted as the deed of trust trustee.

On June 10, 2009 with Mr. Saldate's continuing loan default, Quality recorded a notice of trustee's sale for the property, but the sale was postponed.

### Mr. Saldate's Claims

On December 1, 2009, Mr. Saldate filed his complaint ("complaint") to allege statutory and common law claims (addressed in greater detail below) arising from Quality and other defendants' "negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with

---

1. All pertinent documents pertaining to Mr. Saldate's loan, default and property foreclosure were recorded with the Fresno County Recorder.

the Plaintiff." The complaint alleges that Quality and other defendants "developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction." According to the complaint, "[n]o legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff [sic] Mortgage Note, Deed of Trust of any other interest in Plaintiff's Property." The complaint further alleges that moving and other defendants "are not the real parties in interest because they are not the legal trustee, mortgagee or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment."

The complaint seeks an injunction on "collecting on the subject Loan and from causing the Property to be sold" and compensatory, statutory and punitive damages.

### DISCUSSION

#### F.R.Civ.P. 12(b)(6) Standards

Quality seeks to dismiss this action based on the complaint's "sweeping legal conclusions" without "concrete factual allegations" to demonstrate wrongful foreclosure of the property or that Mr. Saldate "is entitled to relief."

██ A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir.1995).

██ In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–338 (9th Cir.1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008) (citation omitted). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir.2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that,

even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly,* 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)).

In *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense.... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft,* —— U.S. ——, 129 S.Ct. at 1949–1950.

■■■■ For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.,* 290 F.Supp.2d 1158, 1162, n. 2 (C.D.Cal.2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle,* 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from sur-

viving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation,* 823 F.Supp. 715, 720 (E.D.Cal.1993) (citing *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70 (9th Cir.1956); *see Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 984 (9th Cir.1997). A court properly may take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

As such, this Court is able to consider Mr. Saldate's pertinent loan and foreclosure documents.

### Failure To Tender Indebtedness

■ Quality seeks to dismiss the negligence, fraud, California Business & Professions Code, §§ 17200, et al. ("Unfair Competition Law ["UCL"]"), and wrongful foreclosure claims against it on grounds that the complaint fails to allege Mr. Saldate's tender of amounts he owes on his loan. Quality invokes the "tender rule" to require a defaulted borrower to "first do equity" prior to requesting this Court "to exercise its equitable powers to stop or set aside foreclosure proceedings."

■ "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management,* 158 Cal.App.3d at 580, 205 Cal. Rptr. 15.

■ A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied,* 519 U.S. 1081, 117 S.Ct. 746, 136 L.Ed.2d 684 (1997). In *FPCI RE–HAB 01 v. E & G Investments, Ltd.,* 207 Cal. App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been prop-

2. "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the docu-

ment, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir.2005) (citing *Parrino,* 146 F.3d at 706).

er, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

■ An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ.Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal. Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal. App.3d at 579, 205 Cal.Rptr. 15.

■ "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal. Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal. App.2d 1001, 1006, 200 P.2d 61 (1948).

■ Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction.... The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen*, 15 Cal. App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal–Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

■ "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the conse-

quence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal. Rptr. 421.

Neither the complaint nor record references Mr. Saldate's tender of indebtedness. The complaint's silence on Mr. Saldate's tender of or ability to tender loan proceeds is construed as his concession of inability to do so. Without Mr. Saldate's meaningful tender, Mr. Saldate seeks empty remedies, not capable of being granted. The claims against Quality are subject to dismissal in the absence of a sufficiently alleged tender of loan proceeds.

### Negligence

The caption of the complaint's (third) negligence claim notes that it is "Against all Defendants." However, the claim neither references Quality nor articulates Quality's breach of an actionable duty. Quality notes the absence of its "special" duty to Mr. Saldate to impose negligence liability on Quality.

### Limited Trustee Duties

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank*, 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995).

■ If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236–237, 286 P. 693 (1930).

■ An "ordinary trust deed conveys the legal title to the trustee only so far as may be necessary to the execution of the trust." *Lupertino v. Carbahal*, 35 Cal. App.3d 742, 748, 111 Cal.Rptr. 112 (1973). A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt." *Lupertino*, 35 Cal.App.3d at 748, 111 Cal.Rptr. 112 (quoting *Bank of Italy, etc. Assn. v. Bentley*, 217 Cal. 644, 656, 20 P.2d 940 (1933)). The California Court of Appeal has explained a deed of trust trustee's limited authority:

The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal. App.4th 668, 677, 86 Cal.Rptr.2d 490.) Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." (*Id.* at pp. 287–288, 216 Cal.Rptr. 438, 702 P.2d 596.)

*Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510 (2007); *see Monterey SP Partnership v. WL Bangham*, 49 Cal.3d 454, 462–463, 261 Cal.Rptr. 587, 777 P.2d 623 (1989) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end with the name .... the trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee.")

■ A "trustee has a general duty to conduct the sale 'fairly, openly, reasonably, and with due diligence,' exercising sound discretion to protect the rights of the mortgagor and others." *Hatch v. Collins*, 225 Cal.App.3d 1104, 1112, 275 Cal.Rptr. 476 (1990) (citation omitted).

The complaint lacks facts to support a duty owed and breached by Quality to warrant dismissal of the negligence claim against Quality.

### Absence Of Other Duty Of Care

■ Quality argues that it owes no tort duty in general to Mr. Saldate for a negligence claim.

■ "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal. Rptr. 53 (1991). "The existence of a duty of care toward an interest of another worthy of legal protection is the essential prerequisite to a negligence cause of action,

determined as a matter of law by the court." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App.4th 472, 478, 56 Cal.Rptr.2d 756 (1996) (citing *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 397, 11 Cal.Rptr.2d 51, 834 P.2d 745 (1992)). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

■ "The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others .... In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016–1017, 67 Cal.Rptr.2d 516 (1997).

Quality correctly notes the absence of an actionable duty between it and Mr. Saldate arising from Quality's role as deed of trust trustee. The complaint alleges no facts of Quality's cognizable duty to Mr. Saldate to support a negligence claim. Mr. Saldate's purported negligence claim arises from his failure to pay his loan and to tender his indebtedness. As a reminder, the rationale behind the tender rule "is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE–HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal. Rptr. 157 (1989). In absence of a legitimate tender, Mr. Saldate has not and cannot plead damages arising from notice or

service problems, especially given his failure to make payments.

■ The complaint further lacks facts of special circumstances to impose duties on Quality. A lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson,* 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark,* 231 Cal. App.3d at 1096, 283 Cal.Rptr. 53.

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner,* 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner,* 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had").

Quality correctly equates itself as "financial institution" in that the complaint fails to identify Quality or the other defendants' actions "beyond their traditional roles." The complaint fails to substantiate a special relationship with Quality or an actionable breach of duty to warrant dismissal of the negligence claim against Quality.

### Fraud

■ The complaint's (sixth) fraud claims alleges that Quality misrepresented that "Quality was entitled to enforce the security interest and has the right to insti-

tute a non-judicial foreclosure" in that Quality lacked "the right to initiate foreclosure."

Quality challenges the fraud claim's lack of particularity to satisfy F.R.Civ.P. 9(b) and insufficient "general allegations of misrepresentation."

■ The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Cadlo v. Owens–Illinois, Inc.,* 125 Cal. App.4th 513, 519, 23 Cal.Rptr.3d 1 (2004).

■ "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America,* 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad,* 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336. "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986).

■ F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[3] In the Ninth

---

3. F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile

a federal court will examine state law to determine whether the elements of fraud have

Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.,* 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess,* 317 F.3d at 1107. A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess,* 317 F.3d at 1107. As a counterbalance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

■ F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996). F.R.Civ.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken,* 6 F.3d 666, 671–672 (9th Cir.1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866,

been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule."

866 (9th Cir.1977)). The Ninth Circuit has explained:

Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth.... [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." ... The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading....

In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In re GlenFed, Inc. Securities Litigation,* 42 F.3d 1541, 1547–1548 (9th Cir.1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.,* 927 F.Supp. 1297 (C.D.Cal. 1996); *see Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner,* 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

*Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003) (quoting *Hayduk v. Lanna,* 775 F.2d 441, 443 (1st Cir.1985) (italics in original)).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D.Cal.1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D.Cal.1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764–765 (9th Cir.2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to Quality. The complaint makes bare reference to a general misrepresentation with no required details. The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The complaint fails to substantiate the circumstances alleging falseness attributable to Quality. The complaint lacks facts to support each fraud element. The fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend.

### UCL Claim

The complaint's (seventh) UCL claim alleges that Quality's "negligence, fraud and illegal foreclosure activities ... constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq."

### *Standing*

Quality challenges Mr. Saldate's standing to pursue a UCL claim in the absence of damages in that Mr. Saldate "defaulted on his mortgage, and continues to possess the Property rent-free long after his initial default."

California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition."

Business and Professions Code section 17203 addresses UCL relief and provides in pertinent part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments ... as may be necessary to restore to any person in interest any **money or property,** real or personal, which may have been acquired by means of such unfair competition. (Bold added.)

■ "In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002) (quoting *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999)).

Quality correctly notes the complaint's absence of facts of Mr. Saldate's money or property allegedly lost due to a UCL violation. The UCL claim offers an insufficient, bare allegation that "Plaintiff has suffered various damages and injuries according to proof at trial." The complaint lacks sufficient allegations of Mr. Saldate's standing to warrant dismissal of the UCL claim.

### *Unfair, Fraudulent Or Deceptive Business Practices*

Quality challenges the complaint's absence of allegations of wrongdoing to support a UCL claim.

■ "Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718, 703 P.2d 58 (1985) (quoting Cal. Bus. & Prof.Code, § 17200). The UCL establishes three varieties of unfair competition—"acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718, 703 P.2d 58 (citing *People v. McKale*, 25 Cal.3d 626, 631–632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)). "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide*

*Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992)).

■ The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 438 (1994). The UCL "thus creates an independent action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79. According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992).

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above,

Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim. *Rubio v. Capital One Bank (USA), N.A.,* 572 F.Supp.2d 1157, 1168 (C.D.Cal.2008).

■ "Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel–Tech Communications,* 20 Cal.4th 163 at 187, 83 Cal.Rptr.2d 548, 973 P.2d 527.

■ The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone–Poulenc Rorer, Inc.,* 178 F.Supp.2d 1099, 1121 (C.D.Cal. 2001), or to allege that "members of the public are likely to be deceived." *Medical Instrument Development Laboratories v. Alcon Laboratories,* 2005 WL 1926673, at *5 (N.D.Cal.2005).

■ "A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

The complaint is insufficient to establish that Quality engaged in unfair business practices under the UCL. In the absence of violation of a borrowed law, a UCL claim fails in that it cannot rest on alleged irregularities in the loan transaction or aborted foreclosure proceedings. The complaint points to no predicate violation of law. The complaint lacks reasonable particularity of facts to support a UCL claim. The complaint's bare reference to federal statutes and common law claims provides not the slightest inference that Mr. Saldate has a viable UCL claim. Similar to the fraud claim, the UCL claim lacks particularity of fraudulent circumstances, such as a misrepresentation, for a UCL claim. The complaint lacks allegations of ongoing wrongful business conduct or a pattern of such conduct. The complaint lacks facts to hint at a wrong subject to the UCL to warrant the UCL claim's dismissal against Quality.

### *Wrongful Foreclosure*

The complaint's (tenth) wrongful foreclosure claim alleges that Quality is not entitled to utilize non-judicial foreclosure "to wrongfully convert Plaintiff's Property" in the absence of possession of Mr. Saldate's promissory note. The claim also accuses "defendants" of failure "to give proper notice of the Notice of Default."

Quality criticizes the complaint's lack of promissory note possession "theory" as "additional steps" outside the scope of California statutes governing non-judicial foreclosure.

As a reminder, "[f]inancing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.,* 209 Cal. 231, 236–237, 286 P. 693

(1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.... It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien*, 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438, 702 P.2d 596 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

■ A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

■ "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D.Cal. 2009) (citing Cal. Civ.Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal. Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D.Cal. 2007).

Mr. Saldate's challenge to produce his original note is unsupported. The complaint alleges no facts of failure to comply with the statutory scheme for non-judicial foreclosure. A purported unlawful foreclosure claim fails as a matter of law.

### Attempt At Amendment And Malice

Mr. Saldate's claims are insufficiently pled, meritless and barred as a matter of law. Mr. Saldate is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Saldate has brought this action in absence of good faith and that Mr. Saldate exploits the court system solely for delay or to vex Quality. The test for maliciousness is a subjective one and requires the court to "determine the ... good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S.Ct. 236, 59 L.Ed. 457 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir.1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir.1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made

with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Quality.

### *Admonishment To Mr. Saldate's Counsel*

This Court has noticed a pattern with Mr. Saldate's counsel Sharon Lapin. The pattern is the filing of spurious actions, the same actions for different parties, that result in dismissals. The litigation is an obvious attempt to buy time for clients, i.e. misuse the legal system. If the Court sees any further such activity, Ms. Lapin will be subject to severe sanctions, and this Court will perform its duty by reporting this conduct to the California State Bar, as well as to investigate whether or not Ms. Lapin's ability to practice in the Federal Courts of the Eastern District of California should be terminated.

### *CONCLUSION AND ORDER*

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Quality; and

2. DIRECTS the clerk to enter judgment in favor of defendant Quality Loan Service Corporation and against plaintiff George A. Saldate, Jr. in that there is no just reason to delay to enter such judgment given that Mr. Saldate's claims against Quality are clear and distinct from claims against the other defendants. *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.