**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARYOUSH JAVAHERI,

        Plaintiff - Appellant,

  v.

JPMORGAN CHASE BANK N.A.,

        Defendant - Appellee.

No. 12-56566

D.C. No. 2:10-cv-08185-ODW-FFM

MEMORANDUM[*]

DARYOUSH JAVAHERI,

        Plaintiff - Appellant,

  v.

JPMORGAN CHASE BANK N.A.,

        Defendant - Appellee.

No. 13-55048

D.C. No. 2:10-cv-08185-ODW-FFM

Appeals from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 6, 2014[]
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Plaintiff Daryoush Javaheri appeals from the district court's orders granting summary judgment for Defendant JPMorgan Chase Bank N.A. ("Chase") on his wrongful foreclosure, quiet title, and related claims concerning two properties encumbered by deeds of trust. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting summary judgment, *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014), and we affirm.

Javaheri defaulted on a loan that he took out against his property on Wellworth Avenue in Los Angeles. He argues that Chase lacked the authority to initiate foreclosure proceedings. There is no genuine dispute of material fact on Javaheri's wrongful foreclosure claim. First, the district court did not abuse its discretion by taking judicial notice of the document memorializing Chase's acquisition of assets, including the beneficial interest in Javaheri's loan, from the FDIC. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995). The document was available from the agency on its website and is not reasonably subject to dispute. *See id.*; *see also Laborers' Pension Fund v. Blackmore Sewer*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002). Accordingly, Chase provided credible evidence that it owned the loan on the Wellworth Avenue property. Second, under California law a beneficiary need not produce the original promissory note in order to initiate a non-judicial foreclosure. *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1068 (E.D. Cal. 2010). Thus, the fact that Chase could not produce the original promissory note for the loan on the Wellworth Avenue property did not divest Chase of the authority to foreclose. Third, neither Javaheri's speculation that his loan was securitized nor his claims that documents related to his deed of trust were robo-signed suffice to establish a genuine and material dispute of fact. The district court properly granted summary judgment on the wrongful foreclosure claim related to the Wellworth Avenue property.

Javaheri also defaulted on a loan that he took out against his condominium on Wilshire Boulevard in Los Angeles. Again he contends that Chase wrongfully initiated foreclosure proceedings against this property. However, Chase presented evidence that (1) it had acquired the right to service the loan and thus to foreclose if Javaheri failed to make payments; and (2) Javaheri had defaulted on his loan. Javaheri's opposition rested entirely on an expert's declaration pointing to chain-of-title issues with the deed of trust, but Javaheri failed to timely disclose his

3

expert, and the district court did not abuse its discretion in striking the expert's declaration. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 n.5 (9th Cir. 2006). Javaheri offered nothing else to dispute Chase's evidence, and thus summary judgment on the Wilshire Boulevard property wrongful foreclosure claim was appropriate.

Javaheri's quiet title claims–one concerning the Wellworth Avenue property and one concerning the Wilshire Boulevard property–likewise fail. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934). Javaheri proffered no evidence that he had paid his loans or that he had offered to do so.

Lastly, Javaheri asserts that California's statutory scheme for non-judicial foreclosures does not comport with the requirements of due process. But he failed to raise this argument below, and we therefore will not consider it. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

**AFFIRMED.**