FILED

NOT FOR PUBLICATION

NOV 29 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. CC-11-1600-DHKi |
| ROBERT HARRIS, | Bk. No. 10-15804-SB |
|        Debtor. | Adv. No. 10-01238-SB |
| ROBERT HARRIS, | |
|        Appellant, | |
| v. | M E M O R A N D U M[1] |
| BANK OF AMERICA N.A., as successor by merger to LaSalle Bank NA; JP MORGAN CHASE; CALIFORNIA RECONVEYANCE COMPANY, | |
|        Appellees. | |

Submitted without Oral Argument

Filed - November 29, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

Appearances:    Appellant Robert Harris, pro se, on brief;
S. Christopher Yoo, Esq., Theodore E. Bacon, Esq.,
and T. Matthew Hansen, Esq. of Alvarado Smith APC
on brief for appellees.

Before:  DUNN, HOLLOWELL and KIRSCHER, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtor, Robert Harris, appeals the bankruptcy court's dismissal of his adversary proceeding on a motion filed by appellee, JPMorgan Chase Bank ("JPMorgan"), under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] We AFFIRM.

## FACTS[3]

Three years prepetition, the debtor purchased real property located in Venice, California ("Venice property"), through a loan with Washington Mutual Bank ("WAMU"). When he defaulted on payments, WAMU initiated foreclosure proceedings, recording a notice of default ("default notice") and publishing a notice of trustee's sale ("trustee's sale notice"). A foreclosure sale of the Venice property ("foreclosure sale") apparently was completed prior to the debtor's bankruptcy filing. JPMorgan ultimately

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] Rule 8009(b) requires that appellants provide an appendix containing excerpts of the record ("appendix"), including copies of transcripts of relevant hearings. The debtor did not provide an appendix as required under Rule 8009(b), and the motions panel waived this requirement under an order entered on June 15, 2012. Although JPMorgan provided an appendix, it did not include in the appendix copies of the transcripts of the hearings relevant to the instant appeal.

We gleaned some of the facts relevant to this appeal from JPMorgan's appendix, as well as from the documents electronically filed in the dockets of the underlying bankruptcy case and adversary proceeding. We take judicial notice of those documents, relevant to our appeal, but not included by JPMorgan in its appendix. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

acquired WAMU's interests with respect to the Venice property through assignment.[4]

The debtor filed his chapter 7 bankruptcy petition, pro se, on February 18, 2010. Five days later, he initiated an adversary proceeding by filing a complaint against JPMorgan ("original complaint") to challenge the validity of the foreclosure sale.[5] He asserted eight claims for relief, including wrongful foreclosure, fraud and a request to vacate, void or set aside the foreclosure sale ("set aside order").[6] The debtor contended that the foreclosure sale was invalid because it was not consistent with the requirements of California foreclosure procedures, and he did not receive notice of the foreclosure sale pursuant to California law. He also asserted that JPMorgan defrauded him of the Venice property by inducing him to believe that it would accept from the debtor a payoff of the debt owed to it when he managed to obtain a new loan.

Following a status conference, the bankruptcy court dismissed the adversary proceeding without prejudice for failure to prosecute. The debtor quickly moved to set aside the dismissal ("first motion to reconsider"), which the bankruptcy

---

[4] JPMorgan acquired certain assets and liabilities of WAMU from the FDIC; these assets and liabilities apparently included the loan to the debtor.

[5] The debtor also named Bank of America and California Reconveyance as defendants. All of the defendants were represented by the same counsel.

[6] The debtor also asserted violation of the federal Truth in Lending Act ("TILA"), conversion, intentional and negligent infliction of emotional distress, and requested an accounting.

3

court granted ("first reconsideration order").[7]

Before the bankruptcy court entered the first reconsideration order, the debtor filed an amended complaint ("first amended complaint"). He reiterated the same eight claims for relief set forth in the original complaint and added quiet title as a ninth claim for relief.

JPMorgan moved to dismiss the first amended complaint under Civil Rule 12(b)(6) ("first motion to dismiss") without leave to amend. It contended that the debtor failed to state claims upon which relief could be granted because he did not allege facts sufficient to support the elements necessary for each claim.[8]

The debtor opposed the first motion to dismiss ("first opposition"). He asked that the bankruptcy court deny JPMorgan's first motion to dismiss because he could and would prove at trial every allegation. Alternatively, he asked that the bankruptcy court allow him to amend the first amended complaint.

After a hearing on JPMorgan's first motion to dismiss, the

_____

[7] The bankruptcy court construed the debtor's motion to set aside the dismissal as a motion to reconsider the order dismissing the adversary proceeding.

[8] JPMorgan also sought dismissal of the debtor's first amended complaint under Civil Rule 12(e), arguing that the allegations therein did not identify the particular defendant(s) against which the allegations were made. The bankruptcy court did not rule on that ground, but based its ruling entirely on Civil Rule 12(b)(6).
JPMorgan subsequently filed two additional motions to dismiss, both of which also sought dismissal under Civil Rule 12(e) and 12(b)(6). The bankruptcy court did not rule on the former ground with respect to either of those subsequent motions to dismiss, but based its ruling on the latter ground.

4

bankruptcy court dismissed without leave to amend all but the following three claims for relief: (1) wrongful foreclosure, (2) fraud and (3) claim for set aside order.

The debtor thereafter filed a second amended complaint, repeating the claims for relief for wrongful foreclosure, fraud and set aside order, as set forth in the first amended complaint.[9] He also added two new claims for relief: breach of the implied covenant of good faith and fair dealing; and unfair competition (i.e., fraudulent business acts or practices).

JPMorgan moved to dismiss the second amended complaint under Rule 12(b)(6) ("second motion to dismiss"), again arguing that the debtor failed to allege facts sufficient to support his claims for relief. The debtor opposed the second motion to dismiss ("second opposition"), echoing the same arguments contained in the first opposition. Following a hearing, the bankruptcy court dismissed without leave to amend the complaint as to the two newest claims for relief but allowed the debtor to amend the complaint as to the remaining claims.

The debtor filed a third amended complaint, alleging only claims for relief for fraud, wrongful foreclosure and set aside order. He added more facts to the third amended complaint, describing how he obtained the new loan, that JPMorgan failed to follow California foreclosure procedures and how he made various

---

[9] The debtor expanded on his claim for set aside order. He alleged that WAMU lacked authority under the trust deed to assign it to JPMorgan. Because WAMU lacked authority to make the assignment, the debtor claimed that the foreclosure sale to JPMorgan was invalid.

improvements to the Venice property.

JPMorgan moved to dismiss the third amended complaint under Civil Rule 12(b)(6) ("third motion to dismiss"), repeating the same arguments that supported its second motion to dismiss. The debtor predictably opposed the third motion to dismiss ("third opposition"). He did not request leave to amend the third amended complaint, however. Instead, the debtor simply asked that the bankruptcy court deny the third motion to dismiss and allow him to proceed to discovery.

On August 23, 2011, the bankruptcy court held a hearing on the third motion to dismiss. At the hearing, it granted the third motion to dismiss without leave to amend and dismissed the entire adversary proceeding.

Before the bankruptcy court entered its order, the debtor moved for reconsideration ("reconsideration motion"). He argued that the bankruptcy court "did not give any weight" to his allegations, even though he had advised it that JPMorgan failed to provide him notice of the foreclosure sale and that he had substantial equity in the Venice property.

The bankruptcy court noted that the debtor made arguments previously raised in his third opposition, which the bankruptcy court already had rejected. It denied the reconsideration motion, determining that the debtor did not: (1) provide newly discovered evidence; (2) identify any intervening change of law; or (3) contend that the bankruptcy court clearly erred in granting the third motion to dismiss.

The bankruptcy court entered its order denying the reconsideration motion on October 7, 2011. It entered its order

granting the third motion to dismiss ("dismissal order") on December 8, 2011. It did not set forth any findings in the dismissal order, simply stating that it was granting JPMorgan's third motion to dismiss without leave to amend the complaint, and dismissing the entire adversary proceeding.[10]

The debtor timely appealed the dismissal order.[11]

## JURISDICTION[12]

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

---

[10] The bankruptcy court required JPMorgan to submit a proposed order on the third motion to dismiss. See adv. proc. docket no. 39. Instead, the debtor submitted a proposed order on the third motion to dismiss, which the bankruptcy court signed and entered.

[11] The debtor filed his notice of appeal on October 25, 2011, six weeks before the bankruptcy court entered the dismissal order. Although his notice of appeal was premature, it is treated as timely. See BAP Rule 8002(a).

[12] Under the issue statement of his opening brief, the debtor questions whether the bankruptcy court "[had] jurisdiction [to] grant a motion for summary judgment that was never filed by [BOA]."

We are unsure as to the precise meaning of the debtor's contention. We note that, in his first opposition, the debtor claimed that JPMorgan's first motion to dismiss was "[a] thinly veiled attempt to file a motion for judgment on [the] pleadings and [was] really meant to be a motion for summary judgment." He goes on to argue that the bankruptcy court was "required under law" to treat the first motion to dismiss as a motion for summary judgment. The debtor then claims that, in such an event, the bankruptcy court must deny JPMorgan's first motion to dismiss, especially as JPMorgan did not answer the first amended complaint.

7

**ISSUES**

(1) Did the bankruptcy court err in dismissing the debtor's adversary proceeding?

(2) Did the bankruptcy court abuse its discretion in dismissing the debtor's third amended complaint without leave to amend?

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. Movsesian v. Victoria Versicherung AG, 696 F.3d 901, 905 (9th Cir. 2010). We also review de novo the bankruptcy court's dismissal of a complaint without leave to amend. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

When reviewing a Civil Rule 12(b)(6) dismissal, we generally limit our consideration to the complaint. Livid Holdings Ltd., 416 F.3d at 946. We view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1122 (9th Cir. 2008).

We review for abuse of discretion the bankruptcy court's decision to dismiss with prejudice. Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1018 (9th Cir. 2011). But see Livid

8

_Holdings Ltd._, 416 F.3d at 946 ("The district court's dismissal of a complaint without leave to amend is reviewed de novo and is improper unless it is clear that the complaint could not be saved by any amendment.")(citation omitted).  We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion.  _United States v. Hinkson_, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).  First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested."  _Id._  Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. _Id._ at 1262 & n.20.  We must affirm the bankruptcy court's factual findings unless those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'"  _Id._

We may affirm on any ground supported by the record.  _Shanks v. Dressel_, 540 F.3d 1082, 1086 (9th Cir. 2008).


## DISCUSSION

### A.    Dismissal of the debtor's adversary proceeding

#### 1.    Standards for Civil Rule 12(b)(6) Dismissal

Under Civil Rule 12(b)(6), applicable through Rule 7012, a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The court may base its dismissal either "on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." _Johnson_, 534 F.3d at 1121-22 (quoting _Balistreri v. Pacifica Police Dept._, 901 F.2d 696, 699 (9th Cir. 1990)(quotation marks omitted)).  Although the court must accept a plaintiff's

9

allegations as true and construe them in a light most favorable to him, it need not accept as true allegations that are merely conclusory, or unreasonable inferences. In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)(citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

A plaintiff must provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" in his complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). He cannot offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Nor can he simply offer "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)(quotation marks omitted)).

Therefore, to avoid dismissal under Civil Rule 12(b)(6), the plaintiff must allege in his complaint "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)(quotation marks omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard seeks more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)(quotation marks omitted)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from

10

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Srvc., 572 F.3d 962, 989 (9th Cir. 2009)(citing Iqbal, 556 U.S. at 677-78).

Two principles run through a court's consideration of a motion to dismiss. Iqbal, 556 U.S. at 678. First, the axiom that a court must accept as true all of the complaint's allegations does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Such a determination is a "context-specific task" that requires the court "to draw on its judicial experience and common sense." Id. But dismissal is appropriate where the "well-pleaded facts" prevent the court from inferring "more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown'" – that the plaintiff is entitled to relief. Id.

In keeping with these principles, a court considering a motion to dismiss therefore may choose to identify first pleadings "that, because they are not more than conclusions, are not entitled to the assumption of truth." Id. Though legal conclusions provide the framework of a complaint, they must be supported by factual allegations. Id. When well-pleaded factual allegations are present, a court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"[The] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to

11

a defendant's motion to dismiss." <u>Schneider v. Cal. Dep't. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)(emphasis in original). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to the motion to dismiss." <u>Gomez v. Ill. State Bd. of Educ.</u>, 811 F.2d 1030, 1039 (7th Cir. 1987) (citation omitted). Thus, the focus of any Civil Rule 12(b)(6) dismissal - both in the trial court and on appeal - is the complaint. <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006).

    2.    <u>The debtor's claims for relief in the third amended complaint</u>

On appeal, the debtor argues that the bankruptcy court's dismissal of his third amended complaint under Civil Rule 12(b)(6) was neither "statutorily [nor] equitably fair." He does not explain how or why the dismissal was unfair. Rather, he simply contends that, by dismissing the adversary proceeding "[so] abruptly," the bankruptcy court allowed JPMorgan to "steal" the Venice property from him. As JPMorgan notes, the debtor provides no other argument and cites no legal authority in support of his one contention on appeal.

The debtor did not provide a copy of the transcript of the hearing on the third motion to dismiss (or any other hearing transcripts, for that matter). The motions panel earlier entered an order waiving the requirement that he submit an appendix, including copies of transcripts of relevant hearings. Still, without a copy of the transcript of the hearing on the third motion to dismiss, we have no access to the bankruptcy court's reasoning, which hampers our review.

The debtor advances three claims in the third amended

12

complaint, all of which the bankruptcy court dismissed without leave to amend. We look at each of the claims, as stated in the third amended complaint, in turn.

a. Fraud

The debtor contended in the third amended complaint that JPMorgan defrauded him of the Venice property by inducing him to believe that it would accept from him a payoff of the debt owed to it. As additional "factual allegations" in support of his claim for relief, he described the source of a new loan. He also offered, as a witness, the loan officer who was helping to facilitate the new loan and who agreed to testify that the "payoff to the [mortgagor] was already at hand."

Generally, a complaint need only plead facts sufficient to give notice of the claim being asserted and the grounds on which it rests. See Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1508 (9th Cir. 1995)(explaining that within the context of bankruptcy, courts construe deficient pleadings liberally, if the pleading substantially complies with requirements of a complaint under Civil Rule 9(b) by providing "fair notice of what the plaintiff's claim is and the grounds upon which it rests."). But a claim for relief for fraud requires that the circumstances constituting the fraud be pled with particularity to give the defendant notice of the specific misconduct so that he can defend against the charge. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105-06 (9th Cir. 2003)(comparing Civil Rules 9(b) and 12(b)(6)). "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Id. (citation omitted).

13

Here, the debtor alleges that, though JPMorgan knew of the new loan, it "secretly conspired with [the other defendants], [sic] to undercut this transaction with this bogus and illegal interference of this transaction to deny [him] his right [to proceed with the new loan] and to steal his property." The debtor does not provide the "when, where and how" of this alleged "illegal interference" carried out by JPMorgan. He simply makes broad accusations with no specific facts to support them.

Because the debtor failed to provide the specific circumstances giving rise to the alleged fraud, we determine that the bankruptcy court did not err in dismissing the fraud claim for relief.

b. <u>Wrongful foreclosure</u>

The debtor also alleged that the foreclosure sale was invalid because JPMorgan failed to comply with the notice procedures set forth under Cal. Civ. Code § 2924. In California, before a secured creditor may sell collateral after a debtor defaults, it must satisfy certain statutory requirements. <u>Shahani v. United Commercial Bank</u>, 457 B.R. 775, 788 (N.D. Cal. 2011). These statutory requirements include sending the debtor a notice of default that alerts the debtor to the nature of the default. <u>Id.</u> (citing Cal. Civ. Code § 2924). The statutory requirements must be complied with strictly. Accordingly, a sale based on a statutorily deficient notice of default is invalid and voidable. <u>Id.</u> (quoting <u>Miller v. Cote</u>, 127 Cal. App. 3d 888, 894 (1982)). Here, according to the debtor, JPMorgan failed to serve him properly with the default notice and the trustee's sale notice.

14

Yet, the debtor does not explain in the third amended complaint how JPMorgan failed to serve him properly with the default notice and the trustee's sale notice. It is only in the third opposition and the accompanying declaration that the debtor describes alleged defect(s) in the notice(s). The debtor claimed that JPMorgan improperly served him with the default notice by placing it on the ground near the front gate of the Venice property. Yet, this specific allegation is not stated in the third amended complaint. Because the debtor did not mention any specific failures to satisfy the notice requirements of California foreclosure procedures in any of the iterations of his complaint, the bankruptcy court did not err in not mining allegations from the third opposition to graft to the debtor's wrongful foreclosure claim. See Schneider, 151 F.3d at 1197 n.1.

In addition, as discussed more fully infra, the debtor did not allege tender of performance. "California courts have held that a defaulted borrower is required to allege tender of the amount of the lender's secured indebtedness in order to maintain a cause of action for irregularity in the sale procedure." Cedano v. Aurora Loan Srvcs., LLC (In re Cedano), 470 B.R. 522, 529 (9th Cir. BAP 2012).

The debtor failed to assert a facially plausible claim showing that he was entitled to relief under his wrongful foreclosure claim. He did not allege facts sufficient to allow the bankruptcy court to infer that JPMorgan was liable for wrongful foreclosure or that he could comply with the tender requirement. To quote Twombly, the debtor simply made "naked assertion[s]" of wrongful foreclosure with no facts supporting

15

them.  Accordingly, we conclude that the bankruptcy court properly dismissed the debtor's wrongful foreclosure claim.

c.    Set aside order

The debtor also sought to set aside the foreclosure sale on the ground that it was invalid as WAMU lacked the authority and/or standing to transfer/assign its rights with respect to the Venice property to JPMorgan.  JPMorgan contends on appeal that the debtor's claim for set aside order necessarily fails because he did not allege that he made tender – a factual allegation necessary to maintain a claim for relief for irregularities in foreclosure sale procedures.[13]

"A tender is an offer of performance made with the intent to extinguish the obligation."  Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1059 (E.D. Cal. 2010)(quoting Arnolds Mgmt. Corp. v. Eschen, 158 Cal. App. 3d 575, 580 (1984)(quotation marks omitted)).  The rules governing tenders are strictly applied. Saldate, 686 F. Supp. 2d at 1060 (quoting Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003)).

An action to set aside a foreclosure sale for irregularities in the sale notice or procedure should be accompanied by an offer to pay the full amount of the lender's secured indebtedness.  Id. at 1059-60 (quoting FPCI RE-HAB 01 v. E&G Inv., Ltd., 207 Cal. App. 3d 1018, 1021 (1989)).  A valid and viable tender of payment of the owed indebtedness is essential to an action to set aside a voidable sale under a trust deed.  Saldate, 686 F. Supp. 2d at

---

[13] JPMorgan extends this argument to the debtor's wrongful foreclosure claim, as we noted supra.

16

1059 (quoting E&G Inv., Ltd., 207 Cal. App. 3d at 1021). A tender has no legal force or effect if the tenderer lacks the funds necessary to make the offer good and knows it. Saldate, 686 F. Supp. 2d at 1060 (quoting Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 118 (1971)). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Saldate, 686 F. Supp. 2d at 160 (quoting Gaffney v. Downey Sav. & Loan Ass'n, 200 Cal. App. 3d 1154, 1165 (1988)).

The debtor alleged in his third amended complaint that he had obtained a new loan which he intended to use to pay off JPMorgan. He averred that he had the payoff amount "already at hand." (He even offered testimony of the loan officer who handled the loan as a witness to substantiate this allegation.) The debtor claimed that JPMorgan had agreed to accept a payoff from him, but then used his reliance on this agreement to "defraud" him of the Venice property.

Although the debtor alleged that he had managed to secure a new loan to pay off JPMorgan, he said nothing about whether he actually could make good on the payoff. He merely said that he could provide a witness who would testify that the payoff "was already at hand." Without a sufficient allegation of meaningful tender, the debtor failed to state a viable claim for a set aside order. The bankruptcy court therefore properly dismissed his claim for a set aside order.

17

B.    Dismissal of the third amended complaint without leave to amend

The bankruptcy court's orders granting the debtor leave to amend his complaint are basic.  The bankruptcy court neither provided the reasoning behind its determinations nor any explanations as to the nature of the deficiencies in the debtor's complaint.  Still, the bankruptcy court gave the debtor three opportunities to cure the deficiencies in his complaint, and they were not cured through four versions of the complaint.  It also held several hearings on the motions to dismiss, which the debtor apparently attended.  In the absence of any hearing transcripts, we cannot determine what instructions or guidance the bankruptcy court provided to the debtor regarding curing the deficiencies in his complaint.

Under these circumstances, we conclude that the bankruptcy court did not err in dismissing the third amended complaint without leave to amend.

**CONCLUSION**

Having determined that the debtor failed to set forth sufficient grounds for reversal of the dismissal of his adversary proceeding, we AFFIRM.

18