Filed 6/12/14  Salcedo v. Bank of America CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HORACIO SALCEDO et al., | |
| Plaintiffs and Appellants, | G048373 |
| v. | (Super. Ct. No. 30-2012-00574015) |
| BANK OF AMERICA, N.A., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Law Offices of John Thomas Dzialo and John T. Dzialo for Plaintiffs and Appellants.

Reed Smith, David S. Reidy, Matthew J. Brady, John Cooper Green and Michael Gerst for Defendant and Respondent.

\*          \*          \*

After plaintiffs and appellants, Horacio and Isabel Salcedo, defaulted on a mortgage loan, the predecessor in interest of defendant and respondent, Bank of America, N.A., foreclosed and then filed an unlawful detainer action. Plaintiffs sued defendant for fraud and quiet title. By the time plaintiffs filed the second amended complaint (SAC), the only cause of action against defendant was for quiet title. The court sustained defendant's demurrer to the SAC without leave to amend on the ground that, because the property had been sold and plaintiffs had no interest in it, a quiet title action did not lie. Judgment was entered against plaintiffs.

Plaintiffs appeal, claiming the trust deed securing the loan was void because the underlying note was forged. Thus the trustee's deed is void because title never transferred to defendant. Plaintiffs also seek leave to amend.

We conclude the demurrer was properly sustained because plaintiffs failed to plead tender or an adequate excuse from tender and there is no basis to grant leave to amend. Thus, we affirm.

## FACTS AND PROCEDURAL HISTORY

According to the SAC, in 2007 plaintiffs were renting a residence (Property) from Graciela Cabrera. Graciela's husband, Ausencio, and his son Michael were managers of Coastal Real Estate and Loan Center, owned by Joan Marie Lowrance. Ausencio allegedly induced plaintiffs to purchase the Property from Graciela. Lowrance brokered plaintiffs' $532,000 loan from BSM Financial (BSM). Plaintiffs allege all of these parties, plus Ultimate Escrow Service and Omar Cabrera, who notarized documents, all named defendants, conspired to defraud them.

Plaintiffs plead they signed a purchase agreement, loan application and fixed rate note. The loan closed in June 2007. BSM sold the loan to Countrywide Bank, FSB, predecessor in interest to defendant. In December 2007 plaintiffs received their first payment coupon from Countrywide and, "[t]o their dismay," it showed an adjustable rate loan. On contacting Countrywide, plaintiffs learned it had purchased a loan

2

supported by a different loan application, an adjustable rate note (Note), and a truth in lending disclosure. These documents were allegedly forged by the coconspirator defendants.

In February 2008, on the advice of Ausencio and Michael, plaintiffs decided to stop making any payments and attempt a short sale, by which plaintiffs would be able to repurchase the Property at a substantially lower price. Plaintiffs allegedly did not know this "was a fraud in itself."

After a notice of default and a notice of sale were recorded, the foreclosure sale occurred in January 2009. In April an unlawful detainer action was filed.

In March 2009 plaintiffs filed their original action, which was removed to the federal court, and subsequently voluntarily dismissed without a request for remand. In June 2012, plaintiffs filed the initial complaint in this action, for fraudulent foreclosure and quiet title against defendant. At the same time plaintiffs filed an ex parte application for a temporary restraining order to stay their eviction from the Property. Defendant based its opposition on several grounds, including that the fraud claim was barred by the statute of limitations, plaintiffs' failure to tender payment, and that, balancing the hardships, defendant should prevail. The court denied the preliminary injunction, at least in part on the ground the statute of limitations barred the fraud cause of action.

Plaintiffs filed a first amended complaint against defendant for fraud, and the coconspirators for fraud and quiet title. Defendant demurred on several grounds, including lack of tender and the statute of limitations. Plaintiffs filed a "non-opposition" (capitalization omitted) to the demurrer, and requested leave to amend the complaint, which the court granted.

In the SAC, where plaintiffs sue defendant for quiet title only, they pleaded defendant's trustee's deed was void *ab initio* because the Note from plaintiffs to BMS was forged. Thus, they claimed, plaintiffs' interest in the Property is void.

Plaintiffs further alleged that, as a result of the signed Note, they were not required to tender payment.

Defendant again demurred, arguing the SAC failed to allege facts showing how plaintiffs can set aside defendant's interest in the Property even if the Note from BSM to Countrywide was void, how the Note and trust deed were void *ab initio*, or how defendant had knowledge of these facts. Defendant further asserted a quiet title cause of action alone is not a sufficient basis on which to set aside a foreclosure sale; there must be some underlying equitable claim. Finally, plaintiffs had not alleged tender of the amount due.

In sustaining the demurrer without leave to amend, the court ruled that because the Property had been sold, plaintiffs had no interest in it on which to base a quiet title claim.

## DISCUSSION

*1. Alleged Void Trustee's Deed*

In response to the trial court's basis for sustaining the demurrer — that they could not quiet title because they had no interest in the Property — plaintiffs argue they retained title despite the foreclosure sale. They base this on their claim the underlying trust deed (Trust Deed)[1] is void because it secured the alleged forged Note. As a result, they continue, if underlying Trust Deed is void, the trustee's deed is also void because valid title could not derive from a void trust deed. (*Wutzke v. Bill Reid Painting Service,*

---

[1] Plaintiffs do not specifically allege they signed a trust deed. They plead only that they signed "loan papers." But they impliedly admit their signature because they do not allege the absence of a trust deed. And, in their opposition to the demurrer to the SAC they admit signing the Trust Deed.

Moreover, one of the documents included in defendant's request for judicial notice filed with its opposition to the OSC re preliminary injunction was a Trust Deed signed by plaintiffs. Although the record does not contain a ruling on the request, presumably it was granted because it was included in the record and plaintiffs do not object to it. This Trust Deed states it secures a note with an adjustable rate rider. Nor do plaintiffs claim the Trust Deed was void. The only alleged void document was the Note.

4

*Inc*. (1984) 151 Cal.App.3d 36, 43-44 ["Since a trust deed obtained by means of forgery is void, it follows that any claim of title flowing from such a deed is void. This elementary legal principle makes clear the validity of the title of a subsequent purchaser or encumbrancer depends upon the validity of his grantor's title"].)

Plaintiffs provide no authority to support their argument that because the Note is allegedly forged, the Trust Deed, which they admit signing, is as well. They do not claim there is fraud in the execution of the Trust Deed. But regardless of whether their theory is correct, plaintiffs' cause of action is nevertheless defective because they did not plead tender or a valid excuse from tender.

*2. Tender*

In addition to the other elements of a quiet title cause of action, a plaintiff must allege tender of any arrearages or an excuse from tender. (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; *Mix v. Sodd* (1981) 126 Cal.App.3d 386, 390; *Monreal v. GMAC Mortgage, LLC* (S.D.Cal. 2013) 948 F.Supp.2d 1069, 1079.) Plaintiffs have not alleged tender but have pleaded none is required because the Trust Deed and Note were void *ab initio*. Plaintiffs did not discuss tender or excuse in their brief and thus cited no authority as to why the fact the Note and Trust Deed are void eliminates the tender requirement. We are not persuaded the alleged invalidity of the documents excuses tender.

Whether or not the adjustable rate Note is fraudulent, plaintiffs allege they executed a fixed rate note, thus admitting they borrowed the principal amount of $532,000, and they owe interest of 5.125 percent as calculated under that note. They have not tendered even the amount they admit they borrowed. (See *Rupisan v. JP Morgan Chase Bank, NA* (E.D.Cal. Aug. 29, 2012, No. 1:12-CV-0327 AWI GSA) 2012 WL 3764022, *10 [causes of action for quiet title and wrongful foreclosure must include allegation plaintiff can "tender payment of the loan proceeds (less fees, interest, etc.)"].)

5

By their own allegation, plaintiffs intentionally defaulted. The purchase of the Property closed in June 2007 and plaintiffs' payments were to begin in August of that year. The SAC does not state whether plaintiffs made any of those payments. Plaintiffs received their first payment coupon from Countrywide in December 2007 after it had purchased the Loan, and in February 2008, plaintiffs stopped making payments, if any had been made. They do not allege they ceased payment because they could not afford to pay, but rather, since the value of the Property had decreased, they would be able to buy back their home for a much smaller amount than they owed.

In this action plaintiffs are seeking equity. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1241[quiet title is an action in equity].) They have admitted defendant was not involved in the alleged fraud. Plaintiffs have not explained how it is equitable for them to regain title to the Property without any payment obligation. They are shifting the loss from themselves to defendant, an innocent third party. And defendant actually paid out money for the Property.

From the documents attached to the SAC and the SAC itself, it is unclear what plaintiffs might have paid. The purchase agreement attached to the SAC shows they personally did not make a down payment. So when plaintiffs allege they will lose their home and investment, the complaint rings hollow. Plaintiffs have not cited any authority, and at oral argument admitted they knew of none, or alleged any facts showing why tender should be excused. (*Stebley v. Litton* (2011) 202 Cal.App.4th 522, 526 ["Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt"].)

*3. Leave to Amend*

While at the same time arguing there is no need for them to amend, plaintiffs also seek leave to amend. Plaintiffs cite *Myvett v. Litton Loan Servicing, LP* (N.D.Cal. Mar. 3, 2010, No. CV-08-5797 MMC) 2010 WL 761317, which holds where a foreclosure sale has already occurred a plaintiff must first set aside the sale before

6

seeking to quiet title. (*Id*. at p. *6.) Plaintiffs dispute the necessity of doing so here because, they repeat, title never passed.

If it were a requirement, they claim the SAC already alleges the elements of a cause of action to set aside the sale: 1) the mortgagee caused a fraudulent or illegal sale under the power of sale in the trust deed; 2) plaintiffs were prejudiced; and 3) plaintiffs tendered the amount due under the note or were excused from tendering. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.) Plaintiffs claim defendant caused the sale, which was fraudulent because of the forged Note. Further, they were prejudiced because they lost the Property and their investment in it.

Noticeably, as discussed above, plaintiffs do not point to any allegation of tender. They argue in a most general way that if they were required to amend they could do so. However they do not suggest what or how they could amend to plead tender or excuse. And their claim of excuse of tender, as noted above, is not sufficient. Plaintiffs have already had three opportunities to plead a viable cause of action.[2] There is no basis to allow them another chance to do so.

Because plaintiffs have not pleaded tender or excuse from tender the SAC is fatally flawed. On that basis we need not discuss any of defendant's other arguments in support of the judgment.

---

[2] In sustaining the demurrer without leave to amend the trial court specifically noted plaintiffs had already been given an opportunity to amend in connection with the previous demurrer.

7

## DISPOSITION

The judgment is affirmed.  Defendant is entitled to costs on appeal.


                                        THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.